IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY R. SUMMERS and GEORGE T. LENORMAND, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 03 C 1537 |
| UAL CORPORATION ESOP COMMITTEE, MARTY TORRES, BARRY WILSON, DOUG WALSH, IRA LEVY, DON CLEMENTS, CRAIG MUSA and STATE STREET BANK & TRUST COMPANY, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant State Street Bank & Trust Company's ("State Street") motion for attorney's fees. For the reasons stated below, we deny the motion for attorney's fees.

1

## BACKGROUND

Plaintiffs were all participants in the United Airlines Corporation Employee Stock Ownership Plan ("Plan"). Plaintiffs claimed before this court that United Airlines ("UAL") was in financial trouble in July 2001, and after September 2001, UAL's financial position worsened. Plaintiffs claimed that from August 2001, to August 2002, UAL stock prices fell over 80 percent in value and that up until August 2002, neither Defendant UAL Corporation ESOP Committee ("Committee"), the named fiduciary of the Plan, nor State Street, the trustee of the plan, took appropriate actions to protect the Plan assets by diversifying the stock held by the Plan. Plaintiffs claimed that on September 27, 2002, the Committee began selling the Plan's UAL stock, but that by September 27, 2002, the UAL stock had already dropped to $2.36 per share and the Plan had already lost approximately two billion dollars as a result of the decrease in the value of the stock. UAL and the individual Committee member Defendants entered into a settlement agreement in this action and State Street subsequently filed a motion for summary judgment, which we granted on November 17, 2005. State Street now contends that it is a prevailing party and moves for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1)("Section 1132(g)(1)").

## LEGAL STANDARD

Pursuant to Section 1132(g)(1), "in any action under [Section 1132] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." *Id.* In regard to an award of fees under Section 1132(g)(1), "there is a 'modest presumption' in favor of awarding fees to the prevailing party, but that presumption may be rebutted." *Stark v. PPM America, Inc.*, 354 F.3d 666, 673 (7th Cir. 2004)(quoting *Senese v. Chicago Area I.B. of T. Pension Fund,* 237 F.3d 819, 826 (7th Cir. 2001)). The essential inquiry in determining whether to award fees pursuant to Section 1132(g)(1) is whether "the losing party's position [was] substantially justified and taken in good faith, or [whether] that party [was] simply out to harass its opponent . . . ." *Id.* (quoting *Bowerman v. Wal-Mart Stores, Inc.,* 226 F.3d 574, 593 (7th Cir. 2000)).

## DISCUSSION

State Street argues that it is entitled to attorney's fees because Plaintiffs were not substantially justified in their position in regard to the claims brought against State Street. Plaintiffs' position in the instant action was that UAL was facing imminent bankruptcy in the fall of 2001 and that State Street, as the trustee, failed to act to protect the assets of the Plan by ordering the sale of UAL stock. State Street

contends that Plaintiffs mainly relied upon evidence that consisted of: 1) a letter written by UAL CEO James Goodwin ("Goodwin Letter") and, 2) the fact that State Street placed UAL on a company watch list. (Mem. 8). State Street argues that those two pieces of evidence are insufficient for Plaintiffs to show that their position was substantially justified.

I. Relationship to Reasonable Trier of Fact Standard

In State Street's motion for attorney's fees, State Street improperly attempts to interject into its analysis the issue of whether Plaintiffs' position was reasonable. (Mem. 7). This is an apparent attempt by State Street to equate the issue of whether Plaintiffs' positions were taken in good faith and were substantially justified with the inquiry of whether a reasonable juror could adopt Plaintiffs' positions. Under such a theory, since the court granted State Street's motion for summary judgment, after finding that no reasonable trier of fact could find in Plaintiffs' favor, the court would be necessarily compelled to award attorney's fees to State Street as well. However, State Street has not cited any controlling authority to support such a position. In fact, the Seventh Circuit has indicated that the two inquires are not synonymous. For example, the Court in *Stark* reviewed the two tests that had been utilized by the Seventh Circuit for awarding Section 1132(g)(1) fees and stated that the tests

4

essentially boiled down to the same inquiry of whether "the losing party's position [was] substantially justified and taken in good faith, or [whether] that party simply [was] out to harass its opponent . . . ." *Id.* at 673. Assessing whether a plaintiff was merely bringing the action to harass the defendant is a far cry from assessing whether a reasonable trier of fact could reach the same conclusions as the plaintiff. A plaintiff may, in good faith, pursue legitimate claims with what the plaintiff perceives as sufficient evidence in his favor, despite the fact that in actuality the plaintiff has overestimated the strength of his case and that a reasonable trier of fact could not agree with the plaintiff. In such a scenario, it cannot be presumed that the plaintiff acted in bad faith or that the plaintiff's position was not substantially justified. Also, the Court in *Senese v. Chicago Area I.B. of T. Pension Fund*, 237 F.3d 819, 826 (7th Cir. 2001), stated that the term "substantially justified" means "something more than non-frivolous, but something less than meritorious--and taken in good faith," which also indicates that the scope of the Section 1132(g)(1) inquiry and the reasonable trier of fact inquiry are not the same. *Id.* at 826. Therefore, we reject State Street's contention that the reasonable trier of fact inquiry and the inquiry for Section 1132(g)(1) fees is synonymous.

II. Goodwin Letter

Plaintiffs argued in this action that the Goodwin Letter clearly showed that UAL was facing imminent financial collapse in the fall of 2001. In our ruling granting State Street's motion for summary judgment, we noted that State Street had provided ample evidence to the contrary, indicating that during the fall of 2001, UAL was not facing imminent financial collapse. We also noted that Goodwin stated in his letter that UAL would "perish *some time* next year," which clearly indicates that any such problems could very easily have arisen much later in 2002. (Goodwin Let. 1)(emphasis added). In addition, we pointed out in our opinion that the statements from the Goodwin Letter that were quoted by Plaintiffs were not put in the proper context. Despite all of this, Plaintiffs' position concerning the meaning of the statements from the Goodwin Letter, although incorrect, was not completely unfounded. Plaintiffs were able to point to some legitimate aspects of the Goodwin Letter that supported their position. For instance, although Plaintiffs attempted to draw unreasonable inferences that the Goodwin Letter indicated that the collapse of UAL was imminent, Plaintiffs did correctly point out that the letter made references to the possibility that UAL could possibly have "perish[ed]" in the future, which in theory could have included an imminent collapse as Plaintiffs contended. Thus, Plaintiffs' argument that the Goodwin Letter showed that bankruptcy was imminent, although not meritorious, is not a completely baseless or unfounded position.

III. Watch List

Plaintiffs also argued in the instant action that State Street breached its fiduciary obligations because State Street did not notify the Committee that UAL was placed on State Street's internal watch list. We agreed with State Street that such information was not sufficient to show that UAL was facing imminent bankruptcy and we noted that there is no evidence that State Street ever attempted to conceal its monitoring of that stock. While the listing on the watch list was of minimal relevance, Plaintiffs legitimately argued that the fact that State Street placed UAL on the watch list indicated a concern about UAL's condition and that, along with such other evidence, that the inference could be drawn that UAL's collapse was imminent in the fall of 2001. We disagreed and concluded that no reasonable juror could agree with Plaintiffs, but we do not agree with State Street that Plaintiffs' arguments are completely unfounded or that they were not substantially justified. Plaintiffs' arguments in regard to the watch list, although lacking merit, were legitimate arguments that were made in good faith.

IV. Persuasive Authority

Finally, Plaintiffs correctly point out that in the absence of controlling Seventh Circuit precedent on the issue, this court indicated in its ruling granting

State Street's motion for summary judgment that the court agreed with the reasoning in *In re WorldCom, Inc. ERISA Litigation*, 354 F.Supp.2d 423, 428 (S.D. N.Y. 2005). Given that there was no direct Seventh Circuit precedent, Plaintiffs were substantially justified in adopting a contrary position and Plaintiffs could not have been expected to predict which non-controlling precedent this court would find the most persuasive. We thus conclude that Plaintiffs have sufficiently rebutted the modest presumption in favor of awarding attorney's fees to State Street. Plaintiffs have sufficiently shown that their position in this action was substantially justified and that Plaintiffs did not bring the instant action in order to harass Defendants. Therefore, we deny State Street's motion for attorney's fees.

## CONCLUSION

Based on the foregoing analysis, we deny State Street's motion for attorney's fees.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 23, 2006